**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2829
_____

SAMUEL ROSS,
Appellant

v.

CLERK OF COURTS OF THE COURT OF COMMON PLEAS OF PHILADELPHIA,
PENNSYLVANIA; D. JUGLE, Prothonotary of the Office of Judicial Records;
C. FORTE, Prothonotary of the Office of Judicial Records of Pennsylvania

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:17-cv-05012)
District Judge:  Honorable Juan Sánchez

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 17, 2022
Before:  JORDAN, SHWARTZ, and SCIRICA, <u>Circuit Judges</u>

(Opinion filed:  November 28, 2022)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not

Appellant Samuel Ross, an inmate at Somerset State Correctional Institution proceeding pro se and in forma pauperis, appeals from the District Court's denial of his motion for relief from judgment under Fed. R. Civ. P. 60(b)(6). We will summarily affirm.

In his complaint, Ross, proceeding in forma pauperis, sued the Clerk of the Court of Common Pleas of Philadelphia and two prothonotaries. He alleged that the defendants violated his constitutional right to access the courts because they failed to file a motion he submitted in a medical malpractice suit unrelated to his imprisonment. Dkt. No. 5 at 9-10. The District Court screened Ross's complaint pursuant to 28 U.S.C. § 1915(e)(2) and dismissed it for failure to state a claim. Dkt. No. 3 at 5. Ross appealed that dismissal, which we summarily affirmed in June 2018. C.A. No. 17-3719. In February 2022, Ross filed a Motion for Relief Under Rule 60(b). Dkt. No. 11. The District Court denied the motion, concluding that Ross's arguments that the interests of justice warranted reconsideration of the District Court's dismissal (and our ruling in his earlier appeal) did not "change the conclusion that his constitutional right of access to the courts does not cover his medical malpractice claim as a matter of law." Dkt. No. 16 at 1 n.1.

---

constitute binding precedent.

Ross filed this timely appeal. The Clerk notified the parties that we could consider whether the District Court order would be summarily affirmed. Ross filed a document in support of his appeal, essentially repeating the arguments that he made in the District Court. C.A. Dkt. No. 9.

We have jurisdiction under 28 U.S.C. § 1291. We review a District Court's order denying a Rule 60(b) motion for an abuse of discretion. See Jackson v. Danberg, 656 F.3d 157, 162 (3d Cir. 2011). Upon review, we will affirm because no substantial question is presented on appeal. See 3d Cir. L.A.R. 27.4.

The District Court did not abuse its discretion in denying Ross's motion for relief from judgment because Ross's motion has set forth no proper basis to find "extraordinary circumstances" that would justify relief under Rule 60(b)(6). See Budget Blinds, Inc. v. White, 536 F.3d 244, 255 (3d Cir. 2008) (explaining that a showing of extraordinary circumstances under Rule 60(b)(6) involves demonstrating that "without relief from the judgment, an extreme and unexpected hardship will result") (citation and internal quotation marks omitted). Ross argues that an extreme hardship has already resulted because he has been denied his constitutional right to access the courts. C.A. Dkt. No. 9 at 4. The District Court, however, properly concluded, as it had in its original decision dismissing Ross's complaint, that, in our circuit, "prisoners may only proceed on access-to-courts claims in . . . challenges (direct or collateral) to their sentences and conditions

3

of confinement." <u>Monroe v. Beard</u>, 536 F.3d 198, 205 (3d Cir. 2008). As we explained to Ross in our decision in his earlier appeal, because he was pursuing a medical malpractice claim, he was deprived of no constitutional right.[1]

Accordingly, the District Court committed no error, and we will affirm the judgment of the District Court.

---

[1] Furthermore, Ross's Rule 60(b) motion was not the appropriate vehicle to raise arguments appropriate in an appeal, <u>see</u> <u>Morris v. Horn</u>, 187 F.3d 333, 343 (3d Cir. 1999) (explaining that Rule 60(b) may not be used as a substitute for appeal), or to challenge our decision in his earlier appeal.